UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RONALD E. McDANIEL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:12-cv-208 |
| | ) | | *Judge Phillips* |
| | ) | | |
| SEVIER COUNTY, TENNESSEE, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM

This is a civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the motions to dismiss filed by defendants Robert M. Maughon, First Med, Inc., Karastyn M. Lunger, and Lucas J. Tallent.[1] For the following reasons, the motions to dismiss [Court File Nos. 5, 7, 31, and 33, respectively] will be **DENIED**.

I. Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff.

---

[1] There is also pending a motion for summary judgment filed by the Sevier County defendants, which will be addressed at a later date.

*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

II.     Factual Background

The facts pertinent to the pending motions to dismiss are alleged by plaintiff as follows. On June 5, 2011, plaintiff was confined in the Sevier County Jail. On that date he was moved from solitary confinement to a larger, open cell, specifically Male Dorm M-1. Shortly after being placed in the cell, plaintiff was pulled from an upper bunk by fellow inmate Edmund Dahm and landed on the concrete floor. As plaintiff lay on the floor, he was attacked by inmate Dahm and other inmates who kicked and struck him repeatedly. When plaintiff attempted to crawl under a lower bunk, he found he could not move his legs. As was later discovered, plaintiff's neck was broken; he has no movement below his shoulders and he is now confined to a long term skilled facility.

After another inmate called for help, two correctional officers eventually responded shortly before midnight and discovered plaintiff lying on the concrete floor. Defendant Lucas J. Tallent, EMT-IV, was the sole medical provider on duty at the time and he was called to assess plaintiff's condition. He took plaintiff's blood pressure and moved him, not believing plaintiff's statement that he could not move or feel his legs. Defendant Tallent believed plaintiff was faking his injuries and, to prove it, used sharp objects on plaintiff to see if he would react. Inmate Dahm was allowed by the correctional officers to place the flame from a lighter to plaintiff's feet to see if he would react. Plaintiff did not react to the sharp objects or the lighter flame, other than to plead with them not to burn him.

After unsuccessfully trying to push and pull plaintiff onto his upper bunk, defendant Tallent and other defendants left plaintiff lying on his mattress pad on the floor in a corner of the cell. At approximately 5:00 a.m. on June 6, 2011, defendant nurse Karastyn M. Lunger went to Male Dorm M-1, observed plaintiff's condition, and determined he could be severely injured. She waited, however, for head nurse Tammy Finchum to arrive before taking any action. Nurse Finchum arrived around 8:00 a.m. and immediately decided that plaintiff was faking his injuries. She ordered correctional officers to pick plaintiff up and try to place him back on his top bunk, while all the time plaintiff claimed he was paralyzed. Plaintiff alleges that Nurse Finchum also used sharp objects on him to see if he would react.[2]

Eventually, the Sevier County EMTs were called to transport plaintiff to the hospital, where an examination revealed his neck was broken. Plaintiff was immediately flown to the University of Tennessee Medical Center in Knoxville, Tennessee, where he underwent emergency surgery.

Plaintiff alleges that in June 2011, defendant First Med, Inc., had a contract with Sevier County, Tennessee, to provide medical care to inmates in the Sevier County Jail, and that defendants Maughon, Tallent, and Lunger were employees and agents of First Med, Inc. Plaintiff alleges that these defendants' failure to provide proper care to him demonstrated a deliberate indifference to a serious medical condition, in violation of his Eighth Amendment right against cruel and unusual punishment.

---

[2]Nurse Finchum is also a defendant in this action. She has filed her answer to the complaint but has not filed a dispositive motion.

4
Case 3:12-cv-00208   Document 46   Filed 03/18/13   Page 4 of 12   PageID #: 453

III. Discussion

The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is

distinguishable from an inadvertent failure to provide adequate medical care. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

## A. *Defendant First Med, Inc.*

Plaintiff alleges that defendant First Med, Inc. was contractually obligated to provide medical care to the inmates of the Sevier County Jail. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company that contracts to provide medical care to prisoners. *See, e.g., Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003). Nevertheless,"respondeat superior alone cannot create liability under § 1983." *Id*. at 101. For a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id*. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously

liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted)

Defendant First Med, Inc. moves to dismiss the complaint as to it and states that plaintiff has not identified a policy or custom that resulted in the violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employees. In response to the motion to dismiss, plaintiff states that defendant First Med, Inc. had a practice and custom of not providing inmates at the Sevier County Detention Facility with the medical care and equipment required by its contract with Sevier County. According to plaintiff, the defendant's failure to comply with its contractual obligations is evidence of a custom or pattern of deliberate indifference.

In support of this claim, plaintiff also states that the defendants have actively denied him the public records through which he could establish the facts surrounding the violations of his constitutional rights. In support of that allegation, plaintiff has submitted several exhibits. [Court File No. 26, Combined Response to Motions to Dismiss filed by defendants Robert M. Maughon, M.D., and First Med, Inc., Exhibits 1-6]. The first exhibit is a letter dated November 10, 2011, from plaintiff's counsel to the Sevier County Sheriff's Office, requesting public records regarding plaintiff's incarceration and medical treatment dated November 10, 2011. [Exhibit1]. According to plaintiff's counsel, he was told by counsel for the Sevier County Sheriff to complete and return an "Open Records Request" to be provided by the Sheriff's Office. The next exhibit is that form which is dated January 11, 2012 and sent to counsel for the Sevier County Sheriff. [Exhibit 2]. Next is a letter dated February 21, 2012, from plaintiff's counsel to counsel for the Sevier County Sheriff requesting the records.

[Exhibit 3].  On February 24, 2012, counsel for the Sevier County Sheriff faxed plaintiff's counsel a letter refusing to release documents based upon the FBI's ongoing investigation into allegations of a civil rights violation against plaintiff and the prosecution of criminal charges against inmate Dahm.  [Exhibit 4].

Plaintiff's counsel states that to date he has received no public records from the defendants or their counsel.  He did eventually receive, from counsel for defendant First Med, Inc., a copy of the company's contract with Sevier County, Tennessee, effective July 1, 2011.  [Exhibit 5].  Plaintiff has also attached copies of several of First Med, Inc.'s corporation annual reports filed with the Tennessee Secretary of State, which shows that defendant Maughon is the president, secretary, and sole director of the corporation. [Exhibit 6].  Plaintiff argues that because the defendants have refused to comply with Tennessee's Open Records Law, Tenn. Code Ann. § 10-7-501, *et seq*., he has been forced to allege as many facts as he could garner by other investigation.

Under the circumstances, the court finds that plaintiff's allegations are sufficient to survive the motion to dismiss and to proceed to discovery.  The motion to dismiss filed by defendant First Med, Inc. will be **DENIED**.

### B.  *Defendant Robert M. Maughon, M.D.*

Plaintiff's complaint states the following facts against defendant Maughon:

> Defendants Tallent, Lunger and Finchum were agents/employees of not only Sevier County, Tennessee, but also of Defendant Maughon and/or First Med, Inc.  Maughon and First Med, Inc., had, upon information and belief, a contract to provide the medical services to Sevier County, Tennessee, and was [sic] obligated to provide to inmates at the Sevier County Jail with [sic] appropriate medical care.  At no time did Defendant Maughon attempt to provide medical care to Plaintiff McDaniel.

[Court File No. 1, Complaint, p. 7, ¶ 19].

In his motion to dismiss, defendant Maughon first states that he did not act under color of state law. This contention lacks merit. "A physician who contracts to provide medical services to prison inmates ... acts under color of state law for purposes of § 1983." *McCullum v. Tepe*, 693 F.3d 696, 700 (6th Cir. 2012). Defendant Maughon contends that, in the event he is found to be a state actor, he is entitled to qualified immunity. This contention also lacks merit. *Id.* at 704 (while a privately paid prison psychiatrist working for the public may be held liable under § 1983, he cannot assert a qualified immunity defense).

Defendant Maughon next states that plaintiff has not alleged that he was aware of plaintiff's need for medical treatment. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). Defendant Maughon also correctly states that he cannot be held liable for the actions of his employees. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

In response to the motion to dismiss, plaintiff makes the same arguments with respect to defendant Maughon as to defendant First Med, Inc. Defendant Maughon is the owner of First Med, Inc., and was contractually obligated to provide medical treatment to inmates in the Sevier County Detention Facility. Based upon the same reasoning with respect to First Med, Inc., the court finds that plaintiff's allegations should survive defendant Maughon's motion to dismiss and proceed to discovery. The motion to dismiss will be **DENIED**.

### C. Defendant Lucas J. Tallent

In support of his motion to dismiss, defendant Tallent contends that the complaint does not state a claim against him for deliberate indifference but rather attempts to "constitutionalize a medical malpractice claim grounded in state tort law based on a supposed misdiagnosis of Plaintiff's medical condition." [Court File No. 33, Motion to Dismiss, p.2]. Defendant Tallent claims that because he "never perceived Plaintiff as suffering from his asserted injuries" he "did not possess the requisite state of mind to show deliberate indifference." [*Id*. at 1]. Defendant Tallent further contends that he is not a state actor but only a private citizen, and in the alternative, that he is entitled to qualified immunity. The court disagrees with the defendant's contentions.

Because he was providing medical care to inmates in the Sevier County Detention Facility, defendant Tallent was clearly acting under color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 55-56 (1988). In his reply to plaintiff's response to the motion to dismiss, the defendant refers the court to the recent decision of *Minneci v. Pollard*, 132 S. Ct. 617 (2012). In *Minneci*, the Supreme Court held that an inmate does not have an Eighth Amendment claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388

(1971), against the private employees of the privately operated federal prison where the inmate is confined. Plaintiff was not a federal prisoner, however, nor was he confined in a privately operated facility and thus *Minneci* does not apply in this case.

Taking the facts alleged by the plaintiff as true, plaintiff has stated a claim against defendant Tallent for deliberate indifference to serious medical needs, not merely a claim of negligence. Despite plaintiff's statements to the defendant that he could not move his legs, defendant Tallent refused to believe him and even went to far as to attempt to move the plaintiff and then left him to lie on the floor without any treatment for several hours. To the court, this is more than mere negligence in failing to diagnose an injury. *See Harris v. City of Circleville*, 583 F.3d 356, 368 (6th Cir. 2009).

With respect to defendant Tallent's contention that he is entitled to qualified immunity, he is not eligible for such a defense. *See McCullum v. Tepe*, 693 F.3d at 704 (6th Cir. 2012) (while a privately paid prison psychiatrist working for the public may be held liable under § 1983, he cannot assert a qualified immunity defense); *Harrison v. Ash*, 539 F.3d 510, 524 (6th Cir. 2008) (nurses employed by private medical provider are not entitled to qualified immunity defense). Based upon the foregoing, defendant Tallent's motion to dismiss will be **DENIED**.

### D. Defendant Karastyn M. Lunger

Defendant Lunger contends that the allegations fail to state a claim against her for deliberate indifference because plaintiff's medical complaints were addressed by her and thus the claim is a state tort law claim for negligence. Defendant Lunger also contends that she is not a state actor and in the alternative, that she is entitled to qualified immunity. For the

reasons previously stated with respect to defendant Tallent, defendant Lunger acted under color of state law and is not entitled to qualified immunity.

Plaintiff alleges that, upon her arrival in Male Dorm M-1, defendant Lunger realized that plaintiff could be severely injured. She nevertheless provided no treatment for plaintiff, choosing instead to wait for head nurse Finchum to arrive some three hours later. Taking these facts as true, the court concludes that plaintiff has stated a claim against defendant Lunger for deliberate indifference to a serious medical need. Defendant Lunger observed plaintiff's need for medical attention which placed him at a substantial risk and then disregarded that risk. *Harris*, 583 F.3d at 368; *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) (a prisoner's medical need must be addressed "within a reasonable time frame"). Accordingly, defendant Lunger's motion to dismiss will be **DENIED**.

IV.  Conclusion

The motions to dismiss filed by defendants Robert M. Maughon, First Med, Inc., Karastyn M. Lunger, and Lucas J. Tallent will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

                                       s/ Thomas W. Phillips
                                       United States District Judge